Filed 12/13/13  P. v. Huezo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>RICARDO HUEZO,<br><br>    Defendant and Appellant. | C073512<br><br>(Super. Ct. No. 12F05401) |

A complaint filed on August 13, 2012, accused defendant Ricardo Huezo of receiving stolen property; driving while under the influence of alcohol; driving with a blood-alcohol content greater than 0.08 percent; and resisting, delaying, and obstructing peace officers in the discharge of their duty.  The complaint alleged that defendant had a prior conviction for driving with a blood-alcohol content greater than 0.08 percent.  As to all counts, the complaint alleged that defendant had a prior strike.

On January 25, 2013, defendant pled no contest to receiving stolen property (a felony) and driving with a blood-alcohol content greater than 0.08 percent (a

1

misdemeanor) and admitted the strike, in exchange for the dismissal of the remaining charges and a state prison sentence of 32 months. The plea allowed defendant to file a motion to strike the strike.[1] (Pen. Code,[2] § 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.) The factual basis for the plea, as recited by the prosecutor, was as follows: defendant was stopped for erratic driving on or about August 9, 2012, was determined to have a blood-alcohol content of 0.16 percent, and had stolen property on his person. In addition, he was convicted of first degree burglary on January 23, 2008.

On February 15, 2013, defendant filed a motion to the trial court to dismiss his strike. The trial court denied the request, noting that defendant had a criminal record which included misdemeanors, felonies, and a parole violation in addition to the offenses charged in this case. The court then imposed a 32-month state prison term, with four years of informal probation as to the misdemeanor "concurrent with the time that I'm going to impose on the felony matter."[3] The court awarded defendant 150 days of presentence custody credit (75 actual days and 75 conduct days).

As to the misdemeanor, the court imposed "the minimum fine of $390," as identified by probation, but did not identify its statutory basis. The court also imposed a $600 restitution fine. (§ 1204.4, subd. (b).) As to other fines, fees, and assessments, the court stated that they would be in accordance with the terms stated on pages eight through 11 of the probation report, but did not otherwise delineate them, instead saying:

---

[1] The trial court explained that if the probation department's presentence report indicated this disposition was unacceptable, the court would give defendant the opportunity to withdraw his plea, but if not the court would impose the agreed 32-month state prison term.

[2] All further statutory references are to the Penal Code.

[3] The probation report recommended a four-year sentence. The trial court expressly rejected probation's recommendation in favor of the agreed 32-month sentence.

"I'm not going to detail those on this record" "unless you [defendant] request that I do so."

In addition to the fines pronounced at sentencing, the abstract of judgment shows a $600 suspended parole revocation restitution fine ( § 1202.45); an $80 court operations assessment (§ 1465.8); a $60 conviction assessment (Gov. Code, § 70373); an unspecified $4 penalty (Gov. Code, §76000.1 [*sic*]); a $331.98 booking fee, and a $60.18 jail classification fee (the statutes under which the last two fees are imposed are not identified).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. ( *People v. Wende* (1976) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief alleging that the trial court's sentence discriminated against him based on his age (30 years old at time of sentencing). He asserts that his 32-month prison sentence, with 80 percent to be actually served, is "unjust"; in his opinion, his crime merited only "county time or half time." Defendant's contentions lack merit.

First, the trial court sentenced defendant in accordance with his plea agreement, into which he entered voluntarily and intelligently, and which gave him a significant benefit. Had he been tried and convicted of all charges, or had the trial court followed the probation department's recommendation, he would have been exposed to a greater sentence than he received under the plea agreement. Having gotten the lenient terms he bargained for, he is estopped to complain about them now.

Second, defendant's age discrimination claim fails because: (1) the trial court never mentioned defendant's age when imposing sentence; and (2) defendant cites no

authority, and we know of none, holding that 30 year olds are a protected class for sentencing purposes.

Finally, defendant's claim that he should have received only "county time or half time" overlooks the fact that a person who has been convicted of a prior strike cannot be sentenced to county jail for a current felony offense. (§ 1170, subd. (h)(3).)

Thus, defendant has shown no basis for reversal of his sentence.

We must remand the matter to the trial court, however, with directions to prepare a new abstract of judgment that correctly shows all fines, fees, and penalties, including the statutes under which they are imposed.

At the outset, we note that the trial court may not properly refuse to pronounce all fines, fees, and penalties on the record. No matter how tedious this chore may seem, the trial court must perform it sua sponte, and may not shift the burden to the defendant to ask the court to do it. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200-1201.)

The abstract of judgment erroneously shows a $4 penalty pursuant to the nonexistent Government Code section 76000.1. The probation report recommended a $4 fee for the emergency medical air transportation fund pursuant to Government Code section 76000.10. The corrected abstract shall show the correct statutory basis for this mandatory fee.

The corrected abstract must also show that the $331.98 jail booking fee and the $60.18 jail classification fee are imposed pursuant to Government Code section 29550.2.

DISPOSITION

Defendant's conviction and sentence are affirmed. The matter is remanded to the trial court with directions to prepare a corrected abstract of judgment as described above

and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


      ROBIE      , Acting P. J.


We concur:


      BUTZ      , J.


      MAURO      , J.